IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAMES LEWIS HOPKINS                                                    PLAINTIFF
ADC #185090

V.                              Case No. 4:23-CV-00905-JM-BBM

ERIC S. HIGGINS, Sheriff, PCRDF;
DENISE ATWOOD, Lieutenant,
PCRDF; and GEORGE BELT,
Deputy, PCRDF                                                          DEFENDANTS

### PARTIAL RECOMMENDED DISPOSITION

This Partial Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I.      INTRODUCTION

On September 29, 2023, Plaintiff James Lewis Hopkins, then a pretrial detainee in the Pulaski County Regional Detention Facility ("PCRDF"), filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983. (Doc. 2). After the Court screened his Complaint in accordance with the Prison Litigation Reform Act ("PLRA") and Defendants were granted partial summary judgment on the issue of exhaustion, Hopkins was left proceeding on

claims that Defendants—Sheriff Eric S. Higgins ("Sheriff Higgins"), Lieutenant Denise Atwood ("Lt. Atwood"), and Deputy George Belt ("Deputy Belt")—violated his constitutional rights by disciplining him without adequate due process. (Docs. 4, 6, 29–30).

Defendants have now filed a Motion for Partial Summary Judgment, a Brief in Support, and a Statement of Indisputable Material Facts, arguing that Hopkins's claims against Sheriff Higgins and Lt. Atwood fail on the merits and that, accordingly, they are entitled to qualified immunity. (Docs. 42–44). Hopkins filed a Response. (Doc. 46). No reply has been filed, and the time for doing so has passed. LOCAL RULE 7.2(b). Thus, the issues are joined and ready for disposition. For the reasons set forth below, the Court recommends that Sheriff Higgins and Lt. Atwood be granted summary judgment. The due process claim against Deputy Belt, who has not moved for summary judgment, proceeds to trial. *See* (Doc. 42 at 2, ¶ 3).

## II.     FACTUAL BACKGROUND[1]

On December 16, 2022, Lt. Atwood completed a disciplinary action form, charging Hopkins with "[m]aking false accusations against another inmate or staff." (Doc. 44 at 1, ¶ 2; Doc. 44-4 at 1–2). She wrote in the "Narrative" section that Hopkins had submitted a grievance accusing a deputy of sexual assault, but an investigation proved the allegations to be false. (Doc. 44-4 at 1). The form indicated that the incident occurred on November 29, 2022, in "C-Unit" and that no hearing was needed. (Doc. 44-4 at 1). Hopkins signed

---

[1] These facts are sourced from Hopkins's verified Complaint, (Doc. 2); Defendants' Statement of Indisputable Material Facts (Doc. 44), which has not been controverted by Hopkins, *see* Local Rule 56.1(c); and the exhibits to Defendants' Statement of Indisputable Material Facts, (Docs. 44-1 to -7).

the form, *id.* at 2, which Defendants contend waived Hopkins's right to a hearing and amounted to him pleading guilty on the single charge of "false accusations against another inmate or staff," (Doc. 44 at 1, ¶ 3).[2]

That same day, Deputy Belt completed a separate disciplinary action form regarding the same incident. (Doc. 44-4 at 3–4). In addition to "making false accusations," Hopkins was charged with "[a]buse of the grievance procedure" and "[m]aking sexual threats or gestures toward a staff member." *Id.* at 3. The form again indicated that the incident occurred on November 29 in C-Unit and that no hearing was needed. *Id.* Neither Lt. Atwood nor Hopkins signed the form. *Id.*

On December 19, Deputy Belt held a one-minute hearing on the disciplinary charges without Hopkins present. (Doc. 44-4 at 5). He found that Hopkins waived his right to be present at the hearing and pleaded guilty to all three charges. *Id.* at 5, 7. He sentenced Hopkins to an "80-day loss of all privileges—[e]ffective from 12/20/2022 to 03/12/2023." *Id.* at 6–7.

Hopkins contends that, if he had been present at the hearing, he could have contested the allegations and charges, in part, by showing that he was housed in S Unit on the date the incident was alleged to have occurred in C Unit. (Doc. 2 at 4, 8, 12). As a result of the disciplinary sentence, Hopkins lost telephone and commissary privileges and regular

---

[2] It is unclear from the evidence how Hopkins waived his right to a hearing and pleaded guilty simply by signing the disciplinary action form. *See* (Doc. 44-4 at 1–2). And, in his Response, Hopkins adamantly argues that he did not waive any rights or plead guilty. (Doc. 46 at 1–2). Nevertheless, this fact is immaterial to whether Lt. Atwood and Sheriff Higgins are entitled to summary judgment; it simply lends context to the remaining facts.

access to showers, exercise, mail service, cleaning supplies, the kiosk, and the law library for 80 days. *Id.* at 5–6.

Although Hopkins alleges that Sheriff Higgins signed off on the disciplinary action, (Doc. 2 at 5), Sheriff Higgins has submitted an affidavit stating that he was not personally involved in, or even aware of, the disciplinary action at issue. (Doc. 44-5 at 2, ¶¶ 7–8). Hopkins provides no evidence to the contrary. *See* (Doc. 46). And Hopkins admits that he never interacted with the Sheriff during his incarceration at PCRDF. (Doc. 44-7 at 7).

Similarly, Lt. Atwood avers that, once she submitted her narrative and signed the disciplinary action form, she had no further participation in Hopkins's disciplinary proceedings. (Doc. 44-6 at 1–2, ¶ 5). Again, Hopkins provides no evidence to the contrary. *See* (Doc. 46).

## III.    DISCUSSION[3]

In support of the Motion, Defendants argue that: (1) Sheriff Higgins and Lt. Atwood are entitled to summary judgment on Hopkins's due process claims, and (2) Hopkins should be limited to recovering nominal damages against Deputy Belt. (Doc. 43 at 3–11). The Court considers each issue in turn.

---

[3] Summary judgment is appropriate when the record demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Thereafter, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* FED. R. CIV. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). "Courts must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party." *Brand v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 934 F.3d 799, 802 (8th Cir. 2019) (citing *Young v. United Parcel Serv., Inc.*, 575 U.S. 206, 216 (2015)).

### A.   Fourteenth Amendment Procedural Due Process Claim

Hopkins claims his due process rights were violated when he was denied the opportunity to be present at his disciplinary hearing and to call witnesses. (Doc. 2 at 6). "[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, before a pretrial detainee may be disciplined by a detention center official, he must be provided the procedural protections outlined by the Supreme Court in *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See Whitfield v. Dicker*, 41 F. App'x 6, 7 (8th Cir. 2002).[4] The *Wolff* decision requires (1) written notice of the disciplinary charges, at least 24 hours in advance of the hearing; (2) an opportunity to call witnesses and present a defense; and (3) a written statement from an impartial decisionmaker identifying the evidence relied upon and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. at 564–66.

Defendants admit that there are material fact disputes regarding whether Deputy Belt violated Hopkins's due process rights and, thus, do not move for summary judgment

---

[4] Although *Whitfield* is an unpublished Eighth Circuit opinion decided prior to January 1, 2002, *see* Eighth Circuit Local Rule 32.1A, other Circuits agree. *See e.g.*, *Surprenant v. Rivas*, 424 F.3d 5, 18 (1st Cir. 2005) ("*Wolff* has long established the level of due process required before a pretrial detainee can be deprived of a liberty interest in a disciplinary hearing."), *called into doubt in other respects by Fed. Ins. Co. v. HPSC, Inc.*, 480 F.3d 26, 32 (1st Cir. 2007); *Stevenson v. Carroll*, 495 F.3d 62, 70–71 (3d Cir. 2007) ("the procedures required by *Wolff* apply if the restraint on liberty is imposed for disciplinary reasons; if the restraint is for 'administrative' purposes, the minimal procedures outlined in *Hewitt* are all that is required") (quoting *Benjamin v. Fraser*, 264 F.3d 175, 190 (2nd Cir. 2001)); *Williamson v. Stirling*, 912 F.3d 154, 176 (4th Cir. 2018) ("[A] jail official that seeks to discipline a pretrial detainee must provide the detainee with at least the procedural protections required by the *Wolff* decision."); *Jacoby v. Baldwin Cnty.*, 835 F.3d 1338, 1349 (11th Cir. 2016) (holding pretrial detainee "was entitled to the due process protections enshrined in *Wolff* before being placed in disciplinary segregation"); *cf. Rapier v. Harris*, 172 F.3d 999, 1005 (7th Cir. 1999) ("[A]lthough it is permissible to punish a pretrial detainee for misconduct while in pretrial custody, that punishment can be imposed only after affording the detainee some sort of procedural protection.").

on his behalf. (Doc. 46 at 9). But they argue that Sheriff Higgins and Lt. Atwood are entitled to summary judgment because neither was involved in denying Hopkins due process. (Doc. 43 at 3–10). In response, Hopkins maintains that Deputy Belt violated his due process rights, but he does not address Defendants' arguments regarding Sheriff Higgins's and Lt. Atwood's liability. *See* (Doc. 46).

In § 1983 actions, government officials are only liable for their "own individual actions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because it is undisputed that Sheriff Higgins was not personally involved in, or even aware of, Hopkins's disciplinary proceedings, (Doc. 44-5 at 2, ¶¶ 7–8), Sheriff Higgins is entitled to summary judgment on Hopkins's due process claim.

Although Lt. Atwood initiated the disciplinary proceedings by submitting and signing the initial disciplinary action form, it is undisputed that she had no further participation in Hopkins's disciplinary proceedings. (Doc. 44 at 8, ¶ 33). In other words, she had no part in deciding whether Hopkins was allowed to be present at the hearing and whether he was able to call witnesses and present a defense. *Id.* She also had no part in deciding and imposing the ultimate sanction of an 80-day loss of all privileges. *Id.* Thus, she, too, is entitled to summary judgment.[5]

---

[5] Defendants also argue that Sheriff Higgins and Lt. Atwood are entitled to qualified immunity. (Doc. 43 at 11–13). Defendants are entitled to qualified immunity "unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was clearly established at the time." *Johnson v. Schurman*, 145 F.4th 897, 903 (8th Cir. 2025) (citation omitted). Because the undisputed facts show that neither Sheriff Higgins nor Lt. Atwood violated Hopkins's constitutional rights, they are entitled to qualified immunity.

### B.    Available Damages

Having decided that Sheriff Higgins and Lt. Atwood are entitled to summary judgment, the Court turns to the damages available to Hopkins in this procedural due process action. Under the PLRA, inmates cannot recover compensatory damages for mental or emotional injury "without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C.A. § 1997e(e); *Royal v. Kautzky*, 375 F.3d 720, 723 (8th Cir. 2004) ("we read section 1997e(e) as limiting recovery for mental or emotional injury in all federal actions brought by prisoners."); *Sisney v. Reisch*, 674 F.3d 839, 843 (8th Cir. 2012) (declining to overrule *Royal*). However, in some cases, inmates can recover nominal and punitive damages notwithstanding the absence of a physical injury. *See Royal,* 375 F.3d at 723; *see also Carey v. Piphus*, 435 U.S. 247, 266 (1978).

Despite vaguely claiming a physical injury and high blood pressure from not being allowed to talk to his children during his disciplinary sentence, (Doc. 46 at 2–3), Hopkins has provided no evidence of any physical injury. Thus, he is not entitled to recover compensatory damages in this case. He can, however, proceed on claims for nominal damages and, perhaps, punitive damages.[6] *See Royal*, 375 F.3d at 724 ("A factfinder may assess punitive damages in a section 1983 action when a defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.") (cleaned up).

---

[6] Although Hopkins requests injunctive relief in his Complaint, (Doc. 2 at 11), Hopkins is no longer incarcerated at the PCRDF and any such request is moot. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.1985).

**IV.     CONCLUSION**

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' Motion for Partial Summary Judgment, (Doc. 42), be GRANTED.

2.      Hopkins's due process claims against Sheriff Higgins and Lt. Atwood, along with his request for compensatory damages, be DISMISSED with prejudice.

3.      Sheriff Higgins and Lt. Atwood be TERMINATED as parties to this action.

4.      Hopkins's due process claim against Deputy Belt PROCEED to trial.[7]

DATED this 19th day of December, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

---

[7] With the case proceeding to trial, it is also recommended that the undersigned magistrate judge be directed to appoint counsel for Hopkins and the referral otherwise be withdrawn.