IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JAMES LEWIS HOPKINS**                                                          **PLAINTIFF**

VS.                                    NO.  4:23-CV-00905-JM-BBM

**GEORGE BELT**                                                                  **DEFENDANT**

## DEFENDANT'S PRETRIAL DISCLOSURE SHEET

Case Status as of July 27, 2026

1.    **Party Submitting:** Defendant George Belt, in his personal capacity only.

2.    **Legal Counsel:**

For the Defendant:    Ali B. Noland, Bar No. 2006151
Association of Arkansas Counties
Risk Management Services
1415 W. Third St.
Little Rock, AR 72201
Phone: (501) 375-8805
Email: anoland@arcounties.org

Anthony A. Bennett, Jr., Bar No. 2025164
Association of Arkansas Counties
Risk Management Services
1415 W. Third St.
Little Rock, AR  72201
Phone: (501) 375-8805
Email: abennett@arcounties.org

For the Plaintiff:    John Wesley Hall, Jr., Bar No. 73047
Law Offices of John Wesley Hall, Jr., PA
1202 Main Street, Suite 210
Little Rock, AR 72202-5057
Phone: (501) 371-9131
Email: forhall@aol.com

1

3. **Claims and Relief Sought:**

a. **Claims:** Plaintiff alleges his due-process rights were violated when, as a pretrial detainee housed at the Pulaski County Regional Detention Facility ("PCRDF"), he was denied an opportunity to be present and to call witnesses at a disciplinary hearing and was subsequently found guilty of committing three disciplinary violations.

b. **Relief Sought:** Plaintiff's Complaint sought "[$]100,000 x2 for cruel[] and unusual punishment." (Doc. No. 2, page 11.) Plaintiff is not entitled to compensatory damages in this case. (Doc. No. 47, page 7.)[1]

There is no basis on which to instruct the jury on, or allow an award of, punitive damages because Plaintiff has not alleged that Defendant Belt was motivated by evil motive or intent, or that Defendant Belt acted with subjectively reckless or callous indifference to federally protected rights. *See Swipies v. Kofka*, 419 F.3d 709, 717–18 (8th Cir. 2005) (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983) and *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 534–539 (1999)).

4. **Settlement Prospects:** A settlement conference was held June 16, 2026. The parties did not reach a settlement agreement. At this time, Defendant Belt has not revoked his final settlement offer, and Defendant's counsel communicated to Plaintiff's counsel on July 22, 2026, via email, that Defendant's last offer remained open. Given that Plaintiff's potential recovery in this case is capped at $1.00 nominal damages and $1.50 in attorney fees, Defendant Belt believes that settlement of this matter should be possible.

5. **Jurisdiction:** Defendant does not dispute jurisdiction.

6. **Pending Motions:** Defendant Belt's Motion in Limine (Doc. No. 65).

---

[1] The Court has noted that Plaintiff's original requests for injunctive relief are moot because Plaintiff is no longer incarcerated at the PCRDF. (Doc. No. 47, page 7 n. 6.)

7.      **Summary of Facts**: On October 3, 2022, Plaintiff, James Lewis Hopkins, was booked into the PCRDF as a pretrial detainee. On December 16, 2022, Lieutenant Denise Atwood accused Plaintiff Hopkins of submitting a false grievance alleging sexual and physical assault by a detention officer. Plaintiff was charged with "making false accusations against another inmate or staff." On December 16, 2022, at 1:15 p.m., Plaintiff was served with a disciplinary action form for that charge that stated "Hearing Needed No." Plaintiff signed the disciplinary action form. Pursuant to PCRDF policy, signing the form acted as a waiver of the right to contest the charges at a disciplinary hearing. The same day, a separate disciplinary action form was created related to the same events, charging Plaintiff with abusing the grievance procedure, making sexual threats or gestures towards a staff member, and making false accusations against another inmate or staff.

On December 19, 2022, Deputy Belt noted that a hearing was not necessary because Plaintiff waived his right to be present at the hearing by signing the disciplinary form. Deputy Belt then held a one-minute hearing without Plaintiff present. Deputy Belt determined that Plaintiff had pleaded guilty to making false accusations against another inmate or staff, abusing the grievance procedure, and making sexual threats or gestures towards a staff member. Deputy Belt completed an Inmate Disciplinary Board Finding and Report noting that Plaintiff waived his right to be present, that Plaintiff pleaded guilty to the charges, and that Plaintiff should be sentenced to an 80-day loss of all privileges (commissary, in-person visitation, virtual visitation, and non-legal phone calls) effective December 20, 2022.[2]

---

[2] While Defendant Belt contends that evidence regarding the length and scope of Plaintiff's punishment is irrelevant to Plaintiff's due-process claim because he cannot recover compensatory damages related to those deprivations, there is evidence demonstrating that Plaintiff was not fully denied these privileges during the 80-day period.

3

8.   **<u>Proposed Stipulations</u>:**

    a.   Plaintiff, James Lewis Hopkins, was booked into the PCRDF on October 3, 2022, for violating Arkansas Code § 12-12-904 Failure to Register (Sex Offender) and § 12-12-904(a)(1)(A) Reg Sex Offender Fail to Comply w/ Reporting.

    b.   On December 16, 2022, Lieutenant Denise Atwood accused Plaintiff Hopkins of submitting a false grievance alleging sexual and physical assault by a detention officer. Plaintiff was charged with "making false accusations against another inmate or staff."

    c.   At 1:15 p.m. on December 16, 2025, Plaintiff was served with the disciplinary action form, on which it was typed "Hearing Needed No." Plaintiff signed the disciplinary action form.

    d.   PCRDF policy states, in relevant part: "Should an inmate opt to waive the hearing and plead guilty to the charge(s), the inmate will be required to sign the notice of charge form. The supervisor will indicate this information on the Notice of Charges in the space provided." The Inmate Handbook reflects that inmates may "specifically" waive their right to a hearing in writing.

    e.   By signing the disciplinary action form, Plaintiff waived his right to contest the disciplinary charge at a hearing, essentially pleading guilty to the disciplinary charge.

    f.   On December 16, 2022, a separate disciplinary action form charged Plaintiff with the original charge of making false accusations against another inmate or staff, plus two related charges: abusing the grievance procedure and making sexual threats or gestures towards a staff member.

    g.   On December 19, 2022, Deputy Belt noted that a hearing was not necessary because Plaintiff waived his right to be present at the hearing.

4

h. Deputy Belt held a one-minute hearing on December 19, 2022, without Plaintiff present, and decided the action on December 20, 2022. Deputy Belt determined that Plaintiff had pleaded guilty to making false accusations against another inmate or staff, abusing the grievance procedure, and making sexual threats or gestures towards a staff member.

i. Deputy Belt completed an Inmate Disciplinary Board Finding and Report noting that Plaintiff waived his right to be present, that Plaintiff pleaded guilty to the charges, and that Plaintiff would have an 80-day loss of all privileges effective December 20, 2022.

j. Defendant Belt was acting under the color of law at all times relevant to this action.

k. Defendant Belt's conduct was not reprehensible; did not involve violence, deceit, intentional malice, reckless disregard for human health or safety; and did not pose a risk of harm to others.

l. Based on PCRDF policy, Defendant Belt believed that Plaintiff had waived his right to a hearing when Plaintiff received notice of his charges and signed the form containing the text: "Hearing Needed No;" and when Defendant Belt received a Disciplinary Action form with the notation "Waived Hearing."

m. PCRDF policy states, in relevant part: "At the conclusion of the [disciplinary] hearing, the inmate will be informed by the disciplinary board of the opportunity to appeal any disciplinary action to the Chief of Detention" in writing within 48 business hours. The Inmate Handbook reflects that inmates may appeal the decisions of the board to the Sheriff or designee in writing.

n. Plaintiff did not appeal the disciplinary action to the Chief of Detention.

9. **Contested Issues of Fact:** Fact issues presently identified include:

5

a. Plaintiff Hopkins received adequate notice of his disciplinary charge and an adequate opportunity to be heard.

b. Plaintiff Hopkins waived his right to a disciplinary hearing.

c. Defendant Belt did not act with malice or reckless indifference to Plaintiff's due-process rights.

10. **Contested Issues of Law**: Legal issues presently identified include:

a. Defendant did not violate Plaintiff's constitutional rights.

b. Plaintiff Hopkins received adequate procedural due process.

c. Any deprivation of Plaintiff's due-process rights was the result of reasonable error or negligence, which is not actionable under §1983.

d. Defendant Belt did not act with the requisite mental state to justify a punitive-damages instruction or an award of punitive damages.

11. **Exhibits and Other Materials**: Defendant *expects to use* or introduce Plaintiff's Jail File from the Pulaski County Regional Detention Facility, which includes Plaintiff's booking and intake records, requests and grievances, jail medical records, incident and disciplinary reports, cell-transfer logs, kiosk logs, activity logs, and phone records. Defendant further *may use* or introduce relevant Pulaski County Sheriff's Office policies, procedures, and branch directives; documents attached to summary judgment filings in this case; any record disclosed in discovery or filed with the Court in this case; and rebuttal or impeachment exhibits.

12. **Witnesses**: Defendant *expects to call* Defendant George Belt and *may call* Plaintiff James Lewis Hopkins and Denise Atwood. Defendant reserves the right to call any or all witnesses listed by the Plaintiff, any necessary records custodians or signature witnesses, and any appropriate rebuttal or impeachment witnesses.

6

13.    **Discovery**: Discovery has been completed.

14.    **Estimated Length of Trial and Suggestions for Expedited Disposition**: Trial is

expected to last 1–2 days. There are no suggestions for the expedition of the matter.

Respectfully submitted,

DEPUTY GEORGE BELT, in his individual
capacity, Pulaski County Defendant

Anthony A. Bennett, Jr., Bar No. 2025164
Ali B. Noland, Bar No. 2006151
Attorneys for Pulaski County Defendant
ASSOCIATION OF ARKANSAS COUNTIES
RISK MANAGEMENT SERVICES
1415 W. Third Street
Little Rock, Arkansas 72201
Telephone: (501) 375-8805
Email: abennett@arcounties.org
       anoland@arcounties.org

7